## Employment of Parole Officers

CREAMER, Attorney General, September 27, 1972. —You have asked whether you may permit parole officers of one sex to supervise parolees of the opposite sex.

The Parole Act of August 6, 1941, P. L. 861, provides:

"The board shall appoint and employ a sufficient number of women as parole officers and supervisors to act as such for the women over whom it shall have power and jurisdiction, and no person of one sex shall be paroled in charge of a parole officer of the opposite sex": 61 PS §331.28.

Article I, sec. 27, of the Pennsylvania Constitution provides:

"Equality of rights under the law shall not be denied or abridged in the Commonwealth of Pennsylvania because of the sex of the individual."

The Pennsylvania Human Relations Act of October 27, 1955, P. L. 744, sec. 5, as amended, provides:

"It shall be an unlawful discriminatory practice, unless based upon a bona fide occupational qualification . . .

"(a)  For any employer because of the . . . sex . . . of any individual to refuse to hire or employ, or to bar or to discharge from employment such individual . . . with respect to compensation, hire, tenure, terms, conditions or privileges of employment, if the individual is the best able and most competent to perform the services required": 43 PS §955.

Any law passed by the legislature must, of course, be in accordance with the Pennsylvania Constitution which is the supreme law of the Commonwealth. It should be noted that the questioned provision of the Parole Act, 61 PS §331.28, was passed in 1941 and thus antedates by 30 years art. I, sec. 27, of the Pennsylvania Constitution which was approved by the electorate in 1971. To the extent that the Parole Act is inconsistent with the Constitution, of course, the Constitution must take precedence.

Additionally, the Pennsylvania Human Relations Act, by its terms, prevails over any laws inconsistent with it: 43 PS §962(a):

"The provisions of this act shall be construed liberally for the accomplishment of the purposes thereof, *and any law inconsistent with any provisions thereof shall not apply.*" (Italics supplied.)

We recognize that historically the number of female parolees is much smaller than the number of male parolees. As of July 1972, which are the latest verified figures available, there were 14 women parole officers supervising 470 women parolees or an average caseload of approximately 34 per woman parole officer. There were 219 male parole officers supervising 8,833 male parolees or an average caseload of approximately 40 per male parole officer. This inequality of caseload raises additional questions concerning the validity of section 331.28 of the Parole Act.

The vastly greater number of male parolees over female parolees has prevailed for many years and can

reasonably be anticipated to continue in the future. If the questioned provision of the Parole Act, 61 PS §331.28, continues to be given full effect, the Parole Board will be forced to hire much fewer women than men without regard to whether or not an "individual is the best able and most competent to perform the services" of parole officer. See 43 PS §955, supra. We believe that such a hiring policy is in violation of the above-cited provisions of the Pennsylvania Constitution and the Human Relations Act. Therefore, section 28 of the Parole Act, 61 PS §331.28, limiting the hiring of women parole officers to exclusively supervising women parolees is unenforceable in our opinion.*

This decision should not be construed as precluding the board from establishing, by regulation or otherwise, supervision of certain parolees by parole officers of the same sex in appropriate cases. The board may consider the relevance of the sex of parolees and parole officers on a case-by-case basis just as it considers other factors which relate to a successful parole relationship.

---

* Additionally, we note ambiguity within the Parole Act itself. Section 30, 61 PS §331.30, provides as follows:

"Wherever in this act the masculine is used it shall include the feminine."